IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORGE MARTINEZ,<br>　　　　*Petitioner,*<br><br>　　v.<br><br>SUPERINTENDENT J. LUTHER, *et al.*,<br>　　　　*Respondents.* | CIVIL ACTION<br>NO. 18-4023 |

**Pappert, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**April 2, 2025**

## MEMORANDUM

On September 17, 2018, Jorge Martinez filed a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. (ECF No. 1.) The Commonwealth filed its response on September 10, 2019, (ECF No. 20), to which Martinez replied on October 7, 2019, (ECF No. 21.) On March 4, 2020, Magistrate Judge Wells issued a report and recommendation that the four claims in the *pro se* petition be denied as untimely. (ECF No. 22.) Martinez was then appointed counsel, (ECF No. 25), who filed a motion for leave to amend the complaint and to "stay and abey proceedings in this matter, including any potential objections to the disposition of exhausted or defaulted claims in the R&R, while [Martinez] exhausts the claim . . . in state court." (ECF No. 42.) The Court granted that motion, (ECF No. 43), Martinez filed the amendment to the petition,[1] (ECF No. 44), and the Court stayed the case pending resolution of the PCRA proceedings, (ECF No. 45.)

---

[1] Under 28 U.S.C. § 2242, a *habeas* petition may "be amended or supplemented as provided in" Federal Rule of Civil Procedure 15. 28 U.S.C. § 2242. Although an amended petition generally "supersedes and renders moot" the initial petition, an exception applies where the amended petition "specifically refers to or adopts the earlier" petition. *Graziano v. Grace*, No. 05-2300, 2008 WL 1902191, at *5 n.6 (E.D. Pa. Apr. 29, 2008) (quotation omitted). Here, Martinez's amended petition

1

The PCRA court denied Martinez's claim, so on July 15, 2024, the Court lifted the stay and ordered the Commonwealth to respond to the fifth claim.  (ECF No. 55.)  Martinez filed supplementary exhibits, (ECF No. 59), and the Commonwealth responded on November 12, 2024, (ECF No. 61.)  On January 17, 2025, Judge Wells issued a report and recommendation that the fifth claim be denied as procedurally defaulted.  (ECF No. 63.)  On March 25, 2025, counsel for Martinez filed a response to the R&R, noting that "counsel has now been able to visit with Petitioner . . . , and Mr. Martinez has decided that no objections will be submitted."  (ECF No. 66.)

*

28 U.S.C. § 2254 permits the Court to grant habeas relief only if (1) the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the" United States Supreme Court; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).  Martinez raises the following five claims for *habeas* relief under § 2254: (1) ineffective assistance of trial counsel for failing to call Liz Concepcion as a witness, (2) prosecutorial misconduct, (3) the trial court lacked subject matter jurisdiction and improperly imposed a life sentence, (4) erroneous jury instructions, and (5) a violation of the Compulsory Process Clause of the Sixth Amendment.  (ECF Nos. 1 & 44.)

When no objections are made to a R&R, "a district court is not required to determine *de novo* whether a magistrate judge erred" in denying such claims.  *Medina*

---

specifically refers to the *pro se* petition and purports to add another claim, not supersede the initial petition.  (Am. Pet. at 1.)  Thus, the Court considers both petitions.

*v. DiGuglielmo*, 461 F.3d 417, 426 (3d Cir. 2006) (citing Fed. R. Gov. § 2254 Cases 8(b)). However, as a matter of good practice, courts generally review unobjected-to claims for clear error. *See, e.g.*, *Harris v. Mahally*, No. 14-2879, 2016 WL 4440337, at *4 (E.D. Pa. Aug. 22, 2016); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). No clear error appears on the face of the record.

Judge Wells concluded that Martinez's first four claims were time-barred. (First R&R at 10.) Martinez had until one year after the conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review" to file his § 2254 petition. 28 U.S.C. § 2244(d)(1)(A). The Court perceives no clear error in Judge Wells's conclusion that Martinez's conviction became final on September 24, 2012, after his time to file a petition for a writ of *certiorari* with the United States Supreme Court expired. (First R&R at 4.) Judge Wells incorrectly concluded, however, that Martinez's AEDPA limitations period was statutorily tolled until November 28, 2016—his limitations period ran even earlier, on August 30, 2016, when the Pennsylvania Supreme Court denied *allocatur* on his PCRA petition.[2] Thus, Martinez had until August 30, 2017 to file his § 2254 petition, which he missed by over a year. Finally, the Court perceives no clear error in Judge Wells's conclusion that Martinez's claims were not entitled to equitable tolling under the actual-innocence gateway exception because Martinez's "new evidence" was unreliable and failed to establish that

---

[2] Judge Wells included in her statutory tolling calculation the ninety days Martinez had to file a writ of *certiorari* with the United States Supreme Court challenging the state court's denial of his PCRA petition. (First R&R at 5). *But see Stokes v. Dist. Attorney of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001) (holding that "the time during which a state prisoner may file a petition for a writ of *certiorari* in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations"). But that error does not affect her conclusion.

it was more likely than not that no reasonable juror would have convicted Martinez if presented with it.  *Cf. Reeves v. Fayette SCI*, 897 F.3d 154, 164 (3d Cir. 2018).

Judge Wells denied Martinez's fifth claim as procedurally defaulted.  (Second R&R at 5.)  In affirming the PCRA court's denial of this claim, the Pennsylvania Superior Court noted that Martinez's deadline to file the claim expired on September 24, 2013, so it was time-barred.  *Commonwealth v. Martinez*, No. 1579 EDA 2022, 2023 WL 3613330, at *2 (Pa. Super. Ct. May 23, 2023).  The Superior Court then held that Martinez's "new evidence," which was the basis of each claim in his PCRA petition, did not constitute newly discovered evidence to excuse his untimeliness because it was knowable at the time of trial.  *Id.* at *4–5.  "[A] state court's determination that a PCRA petitioner failed to satisfy the statute of limitations renders the claim procedurally defaulted on federal review."  *Yelverton v. Thompson*, No. 19-4796, 2025 WL 553355, at 10 n.10 (E.D. Pa. Feb. 19, 2025) (noting that the PCRA statute of limitations is consistently held to be an independent and adequate state procedural rule).  Thus, the Court perceives no clear error in Judge Wells's conclusion that Martinez's fifth claim was procedurally defaulted, and that he failed to establish cause and prejudice for this default.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.